IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DAVID RAMIREZ, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:25-CV-284 (CDL) |
| FOREMOST INSURANCE COMPANY, | * |
| Defendant. | * |

O R D E R

David Ramirez was insured under a property insurance policy issued by Foremost Insurance Company. Ramirez alleges that he suffered a covered loss caused by vandalism on August 1, 2024 and that Foremost denied coverage for his claim. Compl. ¶¶ 7, 13, ECF No. 5-1. Ramirez filed an action in the Superior Court of Muscogee County for breach of contract and bad faith denial of insurance coverage. The complaint did not allege a specific amount of damages, but Ramirez did include as an exhibit a demand letter his counsel had sent to Foremost, which stated that the estimated damages for a loss that occurred on August 1, 2024 totaled $109,811.85. Compl. Ex. B, Demand Letter 1-2 (May 19, 2025), ECF No. 5-1 at 32-33. Relying on that demand letter, Foremost removed the action to this Court based on diversity jurisdiction. Ramirez filed a motion to remand, arguing that the $75,000 amount in controversy is not met. As discussed below, the Court denies Ramirez's motion to remand (ECF No. 7).

DISCUSSION

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the subject matter and certain procedural requirements are met. 28 U.S.C. §§ 1441(a), 1446. Here, Foremost removed the action based on diversity jurisdiction, which exists if the action "is between citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). There is no dispute that the complete diversity requirement is met because Ramirez is a Georgia citizen and Foremost is a Michigan citizen. The remaining question is whether the amount in controversy exceeded $75,000 at the time of removal.

Where the plaintiff makes an unspecified demand for damages in a state court complaint, removal is only allowed if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). As the party seeking to establish federal jurisdiction, the removing defendant has the burden to establish that the amount in controversy exceeds the jurisdictional requirement. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). "What counts is the amount in controversy at the time of removal." *Id.* Sometimes, it is facially apparent from the complaint that the amount in controversy is met. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)

(finding that the district court reasonably concluded that the amount in controversy exceeded $75,000 in a wrongful death product liability action under Alabama law).  In other cases, a removing defendant must present evidence to carry its burden.  *S. Fla. Wellness, Inc.*, 745 F.3d at 1316.

Here, Ramirez does not seek a specific amount of damages in the body of his complaint.  He does allege that he is entitled to the amount of his loss, as well as penalties for the alleged bad faith failure to pay his claim.  Ramirez further alleges that the loss occurred on August 1, 2024 and that his Foremost claim number was 5025444499-1.  Compl. ¶¶ 7, 9.  Remirez attached as an exhibit to his complaint a demand letter regarding Claim No. 5025444499-1 arising from a loss that occurred at Ramirez's property on August 1, 2024.  Compl. Ex. B, Demand Letter 1-2(May 19, 2025), ECF No. 5-1 at 32-33.  In that letter, Ramirez's counsel represented that he enclosed an estimate of damages totaling $109,811.85.  *Id.* at 2, ECF No. 5-1 at 33.  The demand letter "is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Accordingly, the complaint on its face suggests that the amount in controversy exceeds $75,000.00.

Ramirez nonetheless contends that the amount in controversy is not met because in addition to the May 19, 2025 letter, his counsel sent a separate letter to Foremost on April 30, 2025.  That letter is about Claim No. 5034594810-1, which arose from a loss

3

that occurred at Ramirez's property on September 27, 2024, and counsel represented that he enclosed an estimate of damages totaling $23,863.71 for that loss. Pl.'s Mot. Remand Ex. A, Demand Letter (Apr. 30, 2025), ECF No. 7-1.  But the complaint in this action does not appear to reference a September 27, 2024 loss or Claim No. 5034594810-1.  Rather, the complaint focuses on Claim No. 5025444499-1 regarding an August 1, 2024 loss and incorporates a demand letter stating that the estimate of damages for that claim exceeds $100,000.00.  Thus, the April 30, 2025 letter Ramirez attached to his motion to remand is not conclusive evidence that the amount in controversy does not exceed $75,000; it is simply evidence that Ramirez filed a separate claim with Foremost for a loss that occurred on September 27, 2024 with an estimated value of $23,863.71.  Accordingly, the April 30, 2025 letter does not establish that the amount in controversy is lower than the jurisdictional amount.  The Court thus declines to remand this action.

## CONCLUSION

For the reasons explained above, the Court finds that the amount in controversy requirement is met.  The Court thus denies Ramirez's motion to remand (ECF No. 7).

IT IS SO ORDERED, this 13th day of January, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
